IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1148-S-BN |
| | § | |
| FIRST NATIONAL BANK OF OMAHA, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas Brooks filed a *pro se* complaint against Defendant First National Bank of Omaha, N.A. ("FNBO"), alleging that the bank violated the Electronic Funds Availability Act ("EFAA"), Section 5 of the Federal Trade Commission Act ("FTCA"), and provisions of Texas law. *See* Dkt. No. 3. Brooks also moves for a temporary restraining order ("TRO") and for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 4 & 5. The presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Brooks's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should deny the TRO motion and dismiss this lawsuit.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Brooks alleges that, on April 1, 2024, he deposited into his FNBO checking account a check issued by the Internal Revenue Service for almost $9,500 and that,

while "the funds from the deposited check became available within 2 days, allowing [him] to complete a few transactions," "on or about April 4," his "checking account was unjustly frozen by [FNBO]." Dkt. No. 3 at 4. FNBO has informed him "that the check was under investigation for possible fraud." *Id.*

These allegations do not allege a plausible claim under the EFAA.

> Enacted to provide faster availability of deposited funds, the EFAA establishes specific time periods in which depository banks must make deposits available for withdrawal, and makes banks civilly liable to individuals for damages incurred because of an EFAA violation. *See* 12 U.S.C. § 4010(a); *see also Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 565 (S.D.N.Y. 2007); *Essex Const. Corp. v. Indus. Bank of Wash., Inc.*, 913 F. Supp. 416, 417 (D. Md. 1995). Multiple courts, however, have held that merely placing a hold on or freezing funds in an account after deposits have been made available is not a violation of the EFAA and does not support a claim for civil liability. *See Anderson v. USAA Fed. Sav. Bank*, No. 13-1316, 2013 WL 4776728, at *2 (D.S.C. Sept. 4, 2013) (citing *Little Donkey Enters. Wash., Inc. v. Bancorp*, 136 F. App'x 91, 92 (9th Cir. 2005)).

*Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 587-88 (D. Md. 2016).

Nor has Brooks alleged a plausible claim under the FTCA, which "nowhere purports to confer upon private individuals, either consumers or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts." *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) (concluding that, "[o]n careful examination of the Act and its legislative history, both when passed in 1914 and amended in 1938, we find strong indication that Congress did not contemplate or intend such a private right of action."); *see also Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) (per curiam) ("Plaintiffs concede the [FTCA] provides no private right of action. Other circuits agree…. [And] Congress's omission of a private right of action in the

FTCA controls." (citations omitted)); *Dillard v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-cv-91-N, 2010 WL 11618069, at *2 (N.D. Tex. Dec. 16, 2010) ("Courts … have long held that the FTC Act does not contain a private right of action." (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) (citing, in turn, *Holloway*; *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973)); citation omitted)).

Because Brooks has only pled subject matter jurisdiction under 28 U.S.C. § 1331, *see* Dkt. No. 3 at 2, once the federal claims are dismissed at this initial stage, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law counts. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

And, under these circumstances, a balance of the applicable factors favors relinquishing jurisdiction over the remaining state law claims at this initial stage, so the Court should decline to exercise supplemental jurisdiction over the alleged violations of Texas law. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

For all these reasons, Brooks also has not shown a substantial likelihood of success on his claims, and the Court should deny the TRO motion. *See Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

## Recommendation

The Court should deny the motion for a temporary restraining order, dismiss

all claims arising under federal law with prejudice, and relinquish jurisdiction over the remaining state law claims, dismissing those claims without prejudice, to allow Plaintiff Thomas Brooks to pursue them in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE